IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL CUNNINGHAM,

    Petitioner,

v.                                             Civil Action No. 1:04CV152
                                                                 (STAMP)

JOHN ASHCROFT,
Attorney General,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Procedural History

On July 14, 2004, the petitioner, Daniel Cunningham ("Cunningham"), appearing pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the case to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), to recommend disposition of this matter. On December 30, 2004, the petitioner filed a motion for a temporary restraining order or, in the alternative, a preliminary injunction ("TRO/PI"), to prevent the Bureau of Prisons ("BOP") from applying current regulations to the petitioner.

On April 7, 2005, Magistrate Judge Kaull filed a report recommending that the § 2241 petition and the motion for TRO/PI be denied and dismissed with prejudice. The magistrate judge also informed the parties that if they objected to any portion of this report, they must file written objections within ten days after

being served with copies of this report. The petitioner filed objections to the report and recommendation on April 19, 2005.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

In his § 2241 petition, petitioner contends that the BOP miscalculated his good conduct time ("GCT"). He claims that BOP denied him 54 days per year of good conduct time and asserts that the BOP is calculating his GCT on the basis of time served rather than the term of imprisonment in violation of 18 U.S.C. § 3624. In addition, the petitioner contends that the BOP has incorrectly determined that he should serve 10% of his sentence in a halfway house rather than six months. Accordingly, the petitioner requests ten more days of good conduct time and an additional four and one-half months in a halfway house.

In his report, the magistrate judge first noted that the petitioner has not exhausted his administrative remedies. However,

he concluded that this does not bar the petition, as courts have found that requiring inmates to challenge the BOP's policy regarding the calculation of GCT through the administrative process is futile. Thus, the magistrate judge proceeded to consider the petition on its merits.

After reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT. The magistrate judge found that the majority of courts have held that the BOP has properly interpreted the statute to award 54 days of GCT for each year of time served, rather than the sentence imposed, and to prorate the amount of GCT for the last partial year. See 28 C.F.R. § 523.20. The magistrate judge agreed with the majority of courts that the BOP's interpretation applies the statute as written, and is entitled to deference. Finally, he found that the rule of lenity does not apply because the applicable statute, 18 U.S.C. § 3624(b),[1] is not ambiguous when viewed in its entirety.

---

[1] Title 18, United States Code, Section 3624(b) states, in pertinent part:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . .

In addressing the petitioner's second contention regarding placement in a halfway house, the magistrate judge acknowledged that the BOP once had a policy of placing prisoners in a halfway house for up to the last six months of their sentences, but noted that the policy changed as a result of an opinion from the United States Department of Justice's Office of Legal Counsel ("OLC"). Again, the magistrate judge noted that the petitioner had not exhausted his administrative remedies on the halfway house issue, but found that this did not bar his petition for the same reasons stated above. The magistrate judge recognized the split among district courts addressing the issue and the lack of clear authority from any circuit court. However, the magistrate judge determined that nothing in the language of § 3624(c) guarantees that an inmate will spend the last six months of his term of imprisonment in a halfway house. Furthermore, the magistrate judge found that the specific language of § 3624(c) trumped the general discretionary authority provided in § 3621(b).

Based on the above analysis, the magistrate judge concluded that the BOP correctly calculated the petitioner's sentence and his period of time in a halfway house. Thus, the magistrate judge recommended that the § 2241 petition and motion for a TRO/PI be denied.

---

18 U.S.C. § 3624(b).

4

The petitioner first objects to the magistrate judge's report and recommendation on the grounds that the magistrate judge erred by not issuing a preliminary injunction, arguing that the petitioner will suffer irreparable harm under the BOP's current regulations. The petitioner further objects that the BOP's procedures for calculating good time and time in a halfway house violates the Administrative Procedures Act ("APA") and violates the plain meaning of § 3624. Finally, the petitioner argues that the calculation of his sentence pursuant to enhancements under the Federal Sentencing Guidelines violates the Supreme Court's recent decision in United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). This Court finds each of the petitioner's objections to be without merit.

First, this Court finds that the magistrate judge has correctly recommended that the petitioner's request for a preliminary injunction be denied. As the petitioner himself notes, a key factor a court must consider before issuing a preliminary injunction is the likelihood that the petitioner will succeed on the merits. Child Evangelism Fellowship of Maryland, Inc. v. Montgomery County Pub. Schs., 373 F.3d 589, 593 (2004). Five circuits have determined that the BOP's interpretation of 18 U.S.C. §3624(b) is reasonable and lawful. See Perez-Olivio v. Chavez, 394 F.3d 45, 49 (1st Cir. 2005); O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005); White v. Scibana, 390 F.3d 997 (7th Cir. 2004); Brown

5

v. Hemingway, 53 Fed. Appx. 338 (6th Cir. 2002); Williams v. Lammana 2001 WL 11306069 (6th Cir. 2001). Specifically, this Court agrees with the Sixth Circuit's holding that "[t]he statute clearly states that good conduct time is awarded on the time served by the inmate, not on the time that might potentially be served by the inmate." Brown at 361. Further, as the Ninth Circuit recognized, where the BOP's interpretation of § 3624(b) is reasonable, it is entitled to deference under Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984). Accordingly, this Court finds that the petitioner will not succeed in his petition, and therefore, a preliminary injunction is not warranted.

Likewise, the petitioner's second argument regarding the calculation of good time and time in a halfway house must fail. For the reasons stated above, this Court finds that the BOP's regulations do not violate any statutory mandate. Further, the petitioner has presented no evidence as to how the BOP's promulgation of its regulations violated the APA.

Finally, the petitioner's argument that his sentencing enhancements are unconstitutional pursuant to the Supreme Court's recent decision in Booker is without merit. In Booker, the Court applied its holding in Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), to the Federal Sentencing Guidelines, affirming that the Sixth Amendment forbids judges from sentencing a defendant beyond the statutory maximum that is applicable based on facts

found by a jury or admitted by the defendant. <u>Booker</u> at 746; <u>see</u> <u>Blakely</u> at 2537. The Court failed to address in <u>Booker</u> whether its holding should be applied retroactively. However, this Court concludes that under <u>Teague v. Lane</u>, 489 U.S. 288 (1989), <u>Booker</u> must not be applied retroactively under these circumstances.

<u>Teague</u> states that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." <u>Id.</u> at 310. Accordingly, a petitioner cannot retroactively incorporate new constitutional decisions of criminal procedure unless the petitioner demonstrates exceptional reasons why such incorporation is necessary. <u>Id.</u> at 306-309. Pursuant to <u>Teague</u>, the Fourth Circuit has determined that <u>Apprendi</u> and any case that extends the reasoning of <u>Apprendi</u> should not be applied retroactively on collateral review. See <u>United States v. Sanders</u>, 247 F.3d 139, 150 (4th Cir. 2001). Thus, <u>Booker</u>, which follows <u>Apprendi</u> and its progeny, does not apply retroactively to cases on collateral review. See <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005); <u>Green v. United States</u> 397 F.3d 101 (2nd Cir. 2005); <u>In re Anderson</u>, 396 F.3d 1336 (11th Cir. 2005).

Thus, based on these findings, this Court cannot sustain the petitioner's objection that <u>Booker</u> is applicable to his case.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the petitioner's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, this § 2241 petition is DENIED, the petitioner's request for a TRO/PI is DENIED and this civil action is hereby DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to the petitioner and to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 2, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE